# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2020

Lyle W. Cayce
Clerk

No. 19-50931
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS MEZA-CRUZ,

Defendant-Appellant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Consolidated with 19-50941

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS MEZA-CRUZ, also known as Carlos Meza Cruz, also known as Carlos Meza-Ruiz, also known as Jesus Meza, also known as Carlos Mesa-Cruz, also known as Carlos Cruz Mesa,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-527-1
USDC No. 4:19-CR-263-1

No. 19-50931
c/w No. 19-50941

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Carlos Meza-Cruz appeals his 70-month within-guidelines sentence imposed following his guilty plea for illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326. He also appeals the concomitant revocation of his supervised release related to his prior convictions for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D), possession with intent to distribute marijuana, in violation of § 841(b)(1)(D), and illegal reentry of a removed alien, in violation of § 1326.

Raising one issue on appeal, Meza-Cruz argues that his new illegal reentry sentence, imposed under § 1326(b)(2), violates his due process rights by exceeding the two-year statutory maximum set forth in § 1326(a) because the indictment did not allege a prior conviction necessary for the § 1326(b)(2) enhancement. He concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), but seeks to preserve the issue for further review. The Government filed an unopposed motion for summary affirmance agreeing that the issue is foreclosed and, in the alternative, a motion for an extension of time to file a brief.

As the Government argues, and Meza-Cruz concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Because the issue is foreclosed, summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50931
c/w No. 19-50941

affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Although the appeals of Meza-Cruz's illegal reentry conviction and supervised release revocation were consolidated, he does not address the revocation in his appellate brief. Consequently, he has abandoned any challenge to the revocation or revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir.1993).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.